IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMON F. RANTEESI,

        Petitioner,                      No. CIV S-10-0439 GEB GGH P

   vs.

RANDY GROUNDS, et al.,

        Respondents.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner has filed a motion to stay this action pending exhaustion of additional claims. In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra,

at 277-78, 125 S.Ct at 1535.

Petitioner's motion to stay does not address the Rhines factors. In addition, the court is authorized to stay only mixed petitions pursuant to Rhines. The instant petition contains only petitioner's exhausted claims. The court may stay a petition containing exhausted claims only using the procedures outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). However, petitioner's unexhausted claims are more likely to be found barred by the statute of limitations if he uses the procedures outlined in King.

Accordingly, petitioner's motion to stay is denied without prejudice. Within twenty-eight days of the date of this order, petitioner shall file an amended motion to stay addressing the Rhines factors or the procedures discussed in King. If petitioner's motion is made pursuant to Rhines, he shall also file an amended petition containing his exhausted and unexhausted claims. Following receipt of these pleadings, the court will order a response from respondent.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (no. 2) is granted;

2. Petitioner's motion to stay (no. 4) is denied; within twenty-eight days petitioner shall file briefing, as described above, addressing how he wishes to proceed as to his unexhausted claims;

/////

/////

3. Petitioner's motion for the appointment of counsel (no. 3) is denied.

DATED: March 15, 2010.

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ran439.ord