IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMON F. RANTEESI,

    Petitioner,       No. CIV S-10-0439 GEB GGH P

    vs.

RANDY GROUNDS, et al.,

    Respondents.       FINDINGS & RECOMMENDATIONS

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed his original petition that contained only exhausted claims and then separately filed a motion to stay that raised several unexhausted claims. By Order on March 15, 2010, the court denied petitioner's motion to stay without prejudice and provided petitioner twenty-eight days to file additional briefing on how he wished to proceed with his unexhausted claims. Petitioner was given the option of filing a motion to stay the action under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) or follow the procedure described in King v Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Petitioner

\\\\\

\\\\\

1  has filed a new motion to stay and an amended petition with both exhausted and unexhausted
2  claims.[1]

3  Petitioner's instant motion requests a stay pursuant to Rhines and petitioner has
4  addressed the factors set forth in that case to justify his delay in exhausting all the claims.
5  Plaintiff maintains that the delay was caused because plaintiff is a layman with a low reading
6  level and English is his second language, plaintiff's appellate counsel did not address all the
7  issues in the appeal that petitioner wanted and plaintiff had a past mental incapacity.  However,
8  plaintiff's reasons are insufficient to provide for a stay pursuant to Rhines.

9  In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States
10 Supreme Court found that a stay and abeyance of a mixed federal petition should be available
11 only in the limited circumstance that good cause is shown for a failure to have first exhausted the
12 claims in state court, that the claim or claims at issue potentially have merit and that there has
13 been no indication that petitioner has been intentionally dilatory in pursuing the litigation.
14 Rhines, supra, at 277-78, 125 S.Ct at 1535.

15 Petitioner first argues that he is ignorant of the law and is poorly educated with a
16 low reading level.  Following the Ninth Circuit's guidance in Wooten v. Kirkland, 540 F.3d 1019
17 (9th Cir. 2008), the undersigned finds that good cause cannot be based on mere ignorance of the
18 law because such a finding "would render stay-and-abey orders routine" and thus, "would run
19 afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited
20 circumstances."  Wooten, 540 F.3d at 1024 (a petitioner's mere "impression" that his attorney
21 had included a claim in an appellate brief did not constitute good cause for the petitioner's failure
22 to exhaust; such a standard would render stay and abey orders routine); see also Rasberry v.
23 Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication is not,
24 by itself, an extraordinary circumstance warranting equitable tolling); Hughes v. Idaho State

---

[1] The amended petition is nearly 2,000 pages in length.

1  Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (ignorance of the law does not constitute
2  an excuse from due diligence).  Thus, petitioner lack of legal sophistication and his difficulty
3  reading and writing will not support a finding of good cause pursuant to Rhines.
4           Nor will the fact that petitioner thought his appellate counsel was going to include
5  all claims in appeal even though she did not, support finding of good cause.  See Wooten.
6           Finally petitioner argues that he suffered from a mental incapacity and was placed
7  in Napa State Hospital between December 2002 and August 2005.  Plaintiff states he still suffers
8  as a result of the side effects of the prescribed medication Paxil and other "mental confusion that
9  exacerbates his ignorance of the law."  However, plaintiff was not sentenced in this case until
10 August 2006, a year after he was released from the hospital and plaintiff did not begin his appeals
11 until even later.  In addition, plaintiff has not presented any other evidence that he suffers from a
12 mental incapacity and simply relying on the side effects of Paxil, with no support, is insufficient
13 to find good cause.
14          Thus, petitioner has not presented facts that would entitle him to a stay under
15 Rhines.  Nor has petitioner requested a stay pursuant to King/Kelly.
16          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's amended
17 motion to stay (no. 12) be denied, and that the unexhausted claims in the amended petition be
18 stricken.
19          These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24 shall be served and filed within seven days after service of the objections.  The parties are
25 \\\\\
26 \\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2010

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
ran439.ord2