IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMON F. RANTEESI,

       Petitioner,                          No. CIV S-10-0439 GEB GGH P

   vs.

RANDY GROUNDS, et al.,

       Respondents.                    ORDER

_____/

       Petitioner has filed a request (Doc. 20) for reconsideration of this court's order filed June 30, 2010, striking the unexhausted claims from petitioner's petition.

Standards For Motions To Reconsider

       Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly

erroneous and would result in injustice."  <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1064 (1986).

      Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  <u>Costello v. United States</u>, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986); <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  <u>Costello</u>, 765 F.Supp. at 1009.

      In the instant action, petitioner has presented no new facts or arguments, thus his motion is denied.  Petitioner is reminded that his petition is not dismissed, it simply only proceeds on the exhausted claims.

      Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order of June 30, 2010 is affirmed.

Dated:  July 21, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge