IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMON F. RANTEESI,

  Petitioner,      No. CIV S-10-0439 GEB GGH P

 vs.

RANDY GROUNDS, et al.,

  Respondents.     ORDER

_____/

   Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is proceeding on two claims: 1) the trial court erred by preventing defense expert witnesses from presenting certain aspects of their opinions which prevented petitioner from presenting his psychiatric defense; and 2) the trial court erred by not instructing the jury on involuntary intoxication due to petitioner taking Paxil.[1] Petitioner has filed two motions for discovery. Docs. 34, 39.

   Rule 6 of the Rules Governing § 2254 cases deal with discovery in habeas cases. Rule 6(a) provides that the court may, for good cause, allow discovery and may limit the extent of discovery. Rule 6(b) requires a party requesting discovery to provide reasons for the request, and to specify any requested documents. Unlike civil litigants, a habeas petitioner is not

---

[1] Several other claims were dismissed as unexhausted and petitioner has an interlocutory appeal pending.

1  presumptively entitled to discovery.  See Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999).
2  "Habeas is an important safeguard whose goal is to correct real and obvious wrongs.  It was
3  never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its
4  existence.' "  Id. at 1067.  "A habeas petitioner does not enjoy the presumptive entitlement to
5  discovery of a traditional civil litigant." Id. at 1068.  "The availability of any discovery during a
6  habeas proceeding is committed to the sound discretion of the district court." Campbell v.
7  Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993)."  Good cause may be shown " 'where specific
8  allegations before the court show reason to believe that the petitioner may, if the facts are fully
9  developed, but able to demonstrate that he is ... entitled to relief.' "  Bracy v. Gramley, 520 U.S.
10 899, 908-09, 117 S.Ct. 1793 (1997).

11         Petitioner seeks evidence from the Food and Drug Administrations (FDA) and the
12 makers of Paxil regarding incidents of violence related to use of Paxil.  Petitioner seeks a list of
13 all past and present law suits against the company concerning violence and suicide and all
14 evidence against the makers of Paxil in all US states and abroad.  The court notes that
15 petitioner's petition which is nearly 2000 pages already contains several hundred pages of
16 information regarding Paxil and lawsuits, some of which was obtained through FOIA requests to
17 the FDA.

18         More importantly, petitioner presently seeks discovery to find new information
19 apparently not presented to the trial court during trial.  Any information petitioner uncovers
20 would be pointless in challenging decisions made by the trial court which  was not privy to this
21 information.  The trial court chose not to instruct the jury on involuntary intoxication based on
22 the evidence presented at trial.  Anything petitioner discovers now would have no bearing on the
23 trial court's decision.  See e.g., McDaniel v. Brown, __U.S.__. 130 S.Ct. 665, 672 (2010)
24 (alleged trial error of conviction on insufficient evidence does not permit the introduction of new
25 evidence to prove the trial error).  Petitioner has failed to show good cause to warrant discovery.
26 \\\\\

1 | Accordingly, IT IS HEREBY ORDERED that petitioner's motions for discovery,
2 | Docs. 34, 39, are denied.
3 | DATED: November 10, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
rant439.disc