IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIMON F. RANTEESI,

        Petitioner,                 No. CIV S-10-0439 GEB GGH P

   vs.

RANDY GROUNDS, et al.,

        Respondents.        ORDER

_____/

I.  Background

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of bludgeoning his estranged wife to death with a metal car jack, in the presence of their children.  People v. Ranteesi, 2009 WL 13970 (Cal. App. 1 Dist. 2009).   Petitioner testified in his own defense that his wife came at him, and fell down on the ground, then his child was yelling look what you did, but petitioner did not know what he had done.  Id., at 5.

        On November 10, 2010, the court denied petitioner's motions for discovery regarding the prescription drug Paxil.  At that time, this case was proceeding on two claims: 1) the trial court erred by preventing defense expert witnesses from presenting certain aspects of their opinions which prevented petitioner from presenting his psychiatric defense; and 2) the trial

1    court erred by not instructing the jury on involuntary intoxication due to petitioner taking Paxil.

2           However, on March 4, 2011, the court granted petitioner's motion to amend and

3    ordered respondent to file an answer or motion to petitioner's additional claims: 3) petitioner was

4    questioned by police without being provided his Miranda rights; 4) Brady error in that the

5    prosecution did not turn over Food and Drug Administration (FDA) reports regarding Paxil; 5)

6    trial counsel was ineffective for failing to investigate and present evidence regarding Paxil; 6)

7    ineffective assistance of appellate counsel; and 7) cumulative error in that defense counsel, the

8    prosecution and the trial court all violated his rights.

9           Petitioner renews his discovery requests and makes related motions for counsel

10   and appointment of an expert.  He also make an unrelated motion for an investigation.

11   II.  Legal Standard

12          It is well established that discovery is not permitted in habeas corpus cases

13   without good cause.  Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793 (1997).  In

14   determining whether good cause is shown, reference should be made to the evidentiary hearing

15   case of Schiro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933 (2007), which, in part, mandated that

16   AEDPA standards be employed before determining to grant an evidentiary hearing.  There are

17   two AEDPA situations pertinent to the discussion here – where the issue on which discovery has

18   been requested was determined adversely to petitioner as a matter of law, 28 U.S.C. § 2254(d)(1),

19   and where the issue on which discovery is requested was decided in the state court as a matter of

20   fact, § 2254(d)(2).

21          In the first situation, it makes no sense to permit discovery when, under the

22   general facts alleged, no relief would be available because the legal ruling is unassailable under

23   the strict standards of Harrington v. Richter, --- U.S. ----, 131 S.Ct. 770 (2011), i.e., fair minded

24   jurists could not disagree that under the facts alleged, no harmful constitutional error existed.

25   Fleshing out the general facts with those procured in discovery would make no difference – the

26                                                  2

1  issue would be decided adversely to petitioner as a matter of law.  For example, petitioner may

2  allege that he was in custody for <u>Miranda</u>[1] purposes resulting in the claim that his confession was

3  unlawfully obtained for purposes of the <u>Miranda</u> rule.  If, however, the confession would not be

4  invalidated under AEDPA standards even assuming petitioner's custody status, it makes little

5  sense to pursue extra-record discovery on custody status.

6        The second situation presents a somewhat different possible outcome.  Factual

7  findings of the state court are entitled to AEDPA deference, i.e., they are presumed correct unless

8  fair minded jurists could not disagree that clear and convincing evidence exists to overturn the

9  factual finding.  28 U.S.C. § 2254(e)(1).  If the factual findings were to be overturned at

10  evidentiary hearing, and AEDPA legal error would therefore exist, good cause may well exist for

11  pursuing discovery in habeas so that all pertinent facts may be presented at hearing.  Using the

12  example above, if on the record of the case, AEDPA error is sure to be present in the

13  interrogation of a non-custodial suspect under the <u>Miranda</u> standards, but not if petitioner was in

14  custody at the time of the interrogation, the facts underlying custody might well be dispositive of

15  the issue raised in the petition.  Finding the good faith potential for extra-record facts which

16  would significantly bear on the custody issue, and further finding the reasonable potential that the

17  factual findings of the state courts may be in clear error if sufficient custodial, extra-record facts

18  were to be discovered and produced at evidentiary hearing, discovery should be permitted.

19  III.  <u>Analysis</u>

20        Petitioner seeks evidence from the FDA and the makers of Paxil regarding

21  incidents of violence related to use of Paxil.  Petitioner seeks a list of all past and present law

22  suits against the company concerning violence and suicide and all evidence against the makers of

23  Paxil in all US states and abroad.

24

25        [1] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966).

26        3

1    However, petitioner has failed to show good cause for this discovery request.  At

2  trial, the defense presented as an expert witness, Dr. Shipko, who testified about the side effects

3  of Paxil including agitation, depression, mania, disinhibition, suicide, aggression and addiction.

4  People v. Ranteesi, 2009 WL 13970 *9 (Cal. App. 1 Dist. 2009).  Dr. Shipko offered his opinion

5  that petitioner killed the victim due to a Paxil induced manic state.  Id.  It is not at all clear how

6  trial counsel could be ineffective for failing to present more Paxil documentary evidence, as an

7  expert testified on petitioner's behalf regarding Paxil.  Nor is there any indication that any Paxil

8  evidence was Brady material, or even that the prosecution was aware of any exculpatory

9  information.  Most importantly, the court finds no Brady authority that the state prosecutor have

10  encyclopedic knowledge of the storehouse of scientific information of a federal agency which

11  might be applicable to a defense raised by petitioner, and for which petitioner retained an

12  expert. [2]

13    Petitioner has also requested discovery of about 15 other documents, records or

14  videos, yet petitioner does not link any of these requests to a specific claim.  After reviewing the

15  claims, it is not clear how the requests are relevant to the instant petition.  Ultimately, plaintiff

16  has failed to show good cause for these discovery requests or that he would be entitled to habeas

17  relief under Harrington.

18    Moreover, the Supreme Court recently emphasized in Cullen v. Pinholster, 131

19  S.Ct. 1388, 2011 WL 1225705 (April 4, 2011), that in most circumstances federal courts should

20  limit their review to the record that was before the state court that adjudicated the claim on the

21  merits, id., at 1398, at least where the habeas issue presented is cognizable under 28 U.S.C.

22  2254(d)(1).  It appears from the petition and the opinion of the Court of Appeal, that petitioner's

23

24    [2]  The undersigned notes that petitioner's prior petitions and traverse contained a few
25  thousand pages including hundreds of pages regarding Paxil and lawsuits obtains through FOIA
   requests to the FDA.

26                                        4

1   Paxil claims present § 2254(d)(1) issues.   In this case all the claims have been denied on the

2   merits by the state court and there is no need to expand the record.   Second Amended Petition,

3   Doc. 62 at 6.   For all these reasons, petitioner's discovery requests are denied.

4   IV.   <u>Miscellaneous Motions</u>

5                Petitioner has requested the appointment of counsel and a Paxil expert.   There

6   currently exists no absolute right to appointment of counsel in habeas proceedings.   <u>See</u> <u>Nevius</u>

7   <u>v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996).   However, 18 U.S.C. § 3006A authorizes the

8   appointment of counsel at any stage of the case "if the interests of justice so require."   <u>See</u> Rule

9   8(c), Fed. R. Governing § 2254 Cases.   In the present case, the court does not find that the

10   interests of justice would be served by the appointment of counsel at the present time.

11   Petitioner's request for the appointment of a Paxil expert is also denied as meritless.

12                On April 13, 2011, petitioner filed a motion regarding an incident at his institution

13   that occurred on March 30, 2011.   Petitioner alleges that staff failed to protect him from another

14   inmate and then violated petitioner's due process rights when he was placed in administrative

15   segregation.   These claims are not properly brought in this habeas proceeding, and the court has

16   no jurisdiction to address them.   Plaintiff may bring these claims in a separate civil rights action

17   once he has exhausted the inmate grievance system.   Nor is there any merit to plaintiff's

18   allegations that the failure to protect him in prison is part of a conspiracy to prevent him from

19   litigating this instant habeas case.

20   \\\\\

21   \\\\\

22   \\\\\

23   \\\\\

24   \\\\\

25   \\\\\

26                                                    5

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion for discovery, Doc. 73, is denied;

2.  Petitioner's motion for appointment of counsel and an expert witness, Doc. 72, is denied;

3.  Petitioner's motion for an investigation, Doc. 75, is denied.

DATED: April 27, 2011

/s/Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB - rant439.disc3

6